**FILED**
**Apr 23, 2019**
**03:02 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| **Charity Blevins,** | ) | **Docket No.: 2018-01-0673** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Southern Champion Tray LP,** | ) | **State File No.: 86761-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **Great American Alliance Ins. Co.,** | ) | **Judge Thomas Wyatt** |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

This matter came before the Court on April 10, 2019, for an Expedited Hearing requested by Charity Blevins. The issue was whether she sufficiently proved that her back injury arose primarily out of and in the course and scope of employment. For the reasons set forth below, the Court holds that she did and awards her medical benefits, but not the temporary disability benefits she sought.

### History of Claim

On the date of injury, Ms. Blevins worked at Southern Champion Tray, LP as a machine operator. When her machine jammed, she leaned over at the waist so she could see into the machine to insert a tool into her machine to clear the jam. At the same time, she reached above her head with her other hand to push the reset button as soon as she cleared the jam. While spending an extended time in this "awkward" position, she felt a "pop" immediately followed by low-back pain.

Ms. Blevins stated that the pain required her to grab her machine to steady herself, and that pain "took ]her] breath" when she tried to straighten up. She began to cry because her injury forced her to remain bent over. After a while, Ms. Blevins's co-workers became aware of her injury and assisted her into a wheelchair. A management representative of Southern Champion drove her for emergency care.

1

Three days later, Southern Champion arranged for Ms. Blevins to see providers at Workforce Corporate Health without giving her a panel. The Workforce physician diagnosed a lumbar strain and ordered an MRI that showed degenerative disc disease plus moderate central canal stenosis caused by an L4-5 disc protrusion. Ms. Blevins received an orthopedic referral following the MRI and selected Dr. Ricky Hutcheson from a panel.

Ms. Blevins testified that Southern Champion's safety director was talking with Dr. Hutcheson when she arrived for her first and only appointment. She stated that Dr. Hutcheson performed an examination and then walked into the hallway to discuss "something about percentages" with the safety director. He then returned and told her his role was to determine whether her injury was work-related, and he could not treat her injury because it was "fifty-fifty" whether it was work-related.

In his notes, Dr. Hutcheson wrote that Ms. Blevins gave a history of being "just at her machine and kind of leaning over doing her normal job" when she felt low-back pain. Based on that description of the mechanism of his injury, Dr. Hutcheson wrote the following:

> Based off recent literature of the *AMA Guide to Evaluation of Disease and Injury Causation*, in my opinion, I would have to say that greater than 51% of the causation is more related to her degenerative pre-existing process and not a work-related injury in **that there was no event at work**. I feel that she just has an aggravation of a pre-existing condition.

(Emphasis original.)

Later, Southern Champion sent Dr. Hutcheson a causation letter. He checked the "YES" box to questions inquiring whether Ms. Blevins had multi-level degenerative disc disease that pre-existed her injury at Southern Champion. Dr. Hutcheson also checked the "NO" box to the question: "Given Ms. Blevins' pre-existing low back condition, MRI findings, and the 'leaning over the machine' mechanism of injury, within a reasonable degree of medical certainty, is Ms. Blevins' low back pathology *primarily related* to the November 10, 2017, incident 'leaning over the machine,' considering all potential causes?" Finally, Dr. Hutcheson indicated that Ms. Blevins did not suffer an anatomical change in her lumbar spine because of the work incident.

Southern Champion relied on Dr. Hutcheson's responses to deny Ms. Blevins's claim. She sought care from orthopedist Dr. Paul Broadstone for her continuing pain. He noted that she gave a history of low-back pain that prevented her from straightening up after leaning over her machine for approximately fifteen seconds. After reviewing her MRI, Dr. Broadstone diagnosed Ms. Blevins with low back pain caused by degenerative

disc disease and a lumbar discogenic syndrome with a possible L4-5 annular tear. He ordered medication and physical therapy.

Ms. Blevins submitted a causation questionnaire to Dr. Broadstone that asked him, "[b]ased on all the information you have in your file, did the incident on November 10, 2017, more likely than not cause Ms. Blevins's back injury?" Dr. Broadstone responded that the injury was "[h]istorically related to [the] bending incident." Later in the questionnaire, Dr. Broadstone answered "yes" to a question whether the incident caused her need for the treatment he recommended. He based this opinion on her lack "of previous back issues."

During the Expedited Hearing, Ms. Blevins testified that she had not previously experienced anything other than temporary back pain during labor or following strenuous activity. She also stated she had never received treatment for back pain. However, she has endured back pain that limits her work and activities since the incident.

**Findings of Fact and Conclusions of Law**

The primary issue here is causation. To prevail at an expedited hearing, Ms. Blevins must provide sufficient evidence to show she would likely prevail at a hearing on the merits in proving that she suffered an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A). *See also McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9-10 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

What Ms. Blevins must establish for recovery is found in the statutory definition of a compensable "injury." Tennessee Code Annotated section 50-6-102(14)(A) (2018) provides that an injury is compensable if it "arises primarily out of and in the course and scope of employment." It also states that "the aggravation of a preexisting disease, condition or ailment [is not compensable] unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Further, Ms. Blevins must show to a reasonable degree of medical certainty that her work injury "contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." *Id.* at § 50-6-102(14)(C). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." *Id.* at § 50-6-102(14)(D).

In analyzing the issues here, the Court considered the Workers' Compensation Appeals Board's opinion in *Bradshaw v. Jewell Mechanical, LLC,* 2015 TN Wrk. Comp. App. Bd. LEXIS 16, at *15-16 (June 4, 2015), which held:

An employer is "liable for disability resulting from injuries sustained by an employee arising out of and in the course of his employment even though it aggravates a previous condition with resulting disability far greater than otherwise would have been the case[.]" The Tennessee Supreme Court reiterated "that the employee does not suffer a compensable injury where the work activity aggravates the pre-existing condition merely by increasing the pain." The court continued, "[h]owever, if the work injury advances the severity of the pre-existing condition, or if, as a result of the pre-existing condition, the employee suffers a new, distinct injury other than increased pain, then the work injury is compensable."

(Original citations omitted.)

Here, the Court finds credible Ms. Blevins's testimony that she had not experienced significant back pain before the November 2017 incident. Southern Champion did not provide any evidence to the contrary. Since the injury, she has undergone extensive treatment for back pain. In short, the Court believes Ms. Blevins's testimony that she injured her back at Southern Champion and holds that the injury at Southern Champion significantly advanced the severity of her pre-existing degenerative disc disease, which was mostly asymptomatic before the injury occurred.

The issue then becomes whether the medical evidence establishes that Ms. Blevins is likely to prove at trial that her back condition arose primarily out of and in the course and scope of employment. When viewed with Ms. Blevins's credible testimony, the Court holds that the medical evidence entitles her to medical benefits.

In making this decision, the Court gives limited weight to Dr. Hutcheson's opinion that Ms. Blevins did not experience an injurious "event" at work. Such a conclusion is at odds with Ms. Blevins's credible testimony. It is also at odds with the doctor's own opinion that Ms. Blevins "has an aggravation of a pre-existing condition." As previously quoted, the definition of "injury" in section 50-6-102(14) includes aggravations of pre-existing conditions that arose primarily out of and in the course and scope of employment.

The Court's holding is bolstered by Dr. Broadstone's responses to Ms. Blevins's causation inquiries. He established a causal link on two grounds: Ms. Blevins's statements that her pain began while bending over her machine and that she did not require spinal treatment until after the incident. The Court recognizes that Dr. Broadstone's opinion does not exactly track the statutory standard; however, it is given to a reasonable degree of medical certainty, which meets the "more likely than not" standard under Tennessee Code Annotated section 50-6-102(14)(D). *See Panzarella*

4

*v.Amazon.com, Inc.,* TN Wrk. Comp. App. Bd. LEXIS 30, at *14-15 (May 15, 2017), holding that a causation opinion may be sufficient even though it is not stated within a rigid recitation of the statutory definition of an injury.

Thus, in view of Ms. Blevins's credible testimony, Dr. Hutcheson's statement that the incident at Southern Champion caused an aggravation of a pre-existing condition, and Dr. Broadstone's opinion linking Ms. Blevins's need for treatment to her work injury, the Court holds that Ms. Blevins established her entitlement to authorized treatment under the expedited hearing standard.

The next issue is which doctor should provide authorized treatment. In deciding the issue, the Court considers the following principles discussed in *Ducross v. Metro Roofing and Metal Supply Co.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 62, at *10-12 (Oct. 17, 2017),

> Where the employer fails to give the employee the opportunity to choose the ultimate treating physician from a panel of at least three physicians, the employer runs the risk of having to pay the reasonable cost for treatment of the employee's injuries by a physician of the employee's choice. (Internal citations omitted).

Here, the Court holds that Ms. Blevins will likely prove at trial that the panel Southern Champion provided her was for evaluation but not for treatment. In support of this holding, the Court finds that Ms. Blevins gave credible testimony that Dr. Hutcheson told her his role was to determine if her injury occurred at work. Her testimony is bolstered by the safety manager's presence at the appointment with Dr. Hutcheson and Ms. Blevins's unrebutted testimony that the safety man and Dr. Hutcheson discussed "percentages" just before Dr. Hutcheson told Ms. Blevins that he could not treat her. In view of these facts, the Court holds that Southern Champion failed to give Ms. Blevins the opportunity to select a physician to treat her injury as is required by the Tennessee Workers' Compensation Law.

Southern Champion's denial of Ms. Blevins's claim required her to establish a treatment relationship with Dr. Broadstone. With that and the fact Southern Champion did not provide her a panel for treatment in mind, the Court holds that it would be unfair to require Ms. Blevins to return to Dr. Hutcheson for treatment. *See Ducross,* at *12. For that reason, Southern Champion shall authorize Dr. Broadstone for treatment of Ms. Blevins's compensable back injury.

Finally, the Court addresses Ms. Blevins's claim for temporary disability benefits. To receive temporary disability benefits, Ms. Blevins must prove (1) she became disabled due to a work injury; (2) a causal connection between the work injury and her inability to work, and (3) the duration of her disability. *Jones v. Crencor Leasing and Sales,* TN

Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Here, she testified that she continued to work after her back injury occurred and she did not provide evidence about the dates the injury disabled her from working. That being the case, she did not prove the duration of her disability and the Court denies her claim for temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Blevins's interlocutory claim for medical benefits is granted. Southern Champion shall promptly authorize Dr. Paul Broadstone as treating physician and schedule Ms. Blevins an appointment with him for authorized care.

2. The Court denies Ms. Blevins's interlocutory claim for temporary disability benefits at this time.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2018). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. **For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.**

5. This matter is set for a Status Hearing at **10:00 a.m. Eastern Time on June 18, 2019**. You must call (615) 741-3061 or toll-free at (855) 747-1721 to participate in the Status Hearing. You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.

**ENTERED April 23, 2019.**

_____

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits: The Court admitted the following exhibits into evidence:

1. Affidavit of Charity Blevins
2. Records of Dr. Ricky Hutcheson
3. Responses of Dr. Ricky Hutcheson to Medical Questionnaire
4. Records of Dr. Paul Broadstone
5. Records of Workforce Corporate Health/Dr. Jayant Eldurkar
6. Wage Statement
7. Notice of Controversy
8. First Report of Injury
9. Choice of Physician form

Technical record: The Court considered the following filings by the parties:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Employer Position Statement
4. Request for Scheduling Hearing
5. Notice of Scheduling Hearing
6. Order Striking Request for Scheduling Hearing
7. Request for Expedited Hearing
8. Notice of Expedited Hearing
9. Employer's Response to Request for Expedited Hearing
10. Employer Witness and Exhibit List
11. Employer Notice of Filing Exhibits

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Docketing Notice was sent to the following recipients by the following methods of service on April 23, 2019.

| Name | Certified Mail | First Class Mail | Email | Service sent to: |
|---|---|---|---|---|
| Ethan Hargraves Employee's Attorney | | | X | ethan@masseyattorneys.com brooke@masseyattorneys.com |
| Connor Sestak Employer Attorney | | | X | csestak@morganakins.com plunny@morganakins.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

8



<u>Expedited Hearing Order Right to Appeal</u>:

       If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information
**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

### List of Parties
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address:_____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone:_____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                 RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month      Telephone       $ _____ per month

Electricity      $ _____ per month      School Supplies $ _____ per month

Water            $ _____ per month      Clothing        $ _____ per month

Gas              $ _____ per month      Child Care      $ _____ per month

Transportation   $ _____ per month      Child Support   $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe:_____)

10. Assets:

Automobile            $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____      (FMV) _____

Other                 $ _____      Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082